TJOFLAT, Circuit Judge,
concurring.
Count One of the indictment in this case charged Chariot and five others with conspiring to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. The jury’s verdict established for Blakely/Booker purposes that the crime involved five or more kilograms of the drug. According to U.S.S.G. § 2Dl.l(a)(3), the base offense level for that drug quantity is 32. Given Chariot’s criminal history category of II, the sentence prescribed for that offense level was 135 to 168 months’ imprisonment. The PSI, however, held Chariot accountable for 40 to 50 kilograms of cocaine, which yielded a base offense level of 34, and adjusted that level by four levels pursuant to U.S.S.G. § 3Bl.l(a) for his role as an organizer or leader of the conspiracy. The resulting offense level of' 38 enhanced Chariot’s sentence range to 262 to 327 months’ imprisonment, as the court’s opinion indicates, ante at-, and the court selected the lower figure as Chariot’s Count One sentence.
Chariot did not object on Sixth Amendment grounds to the court’s enhancement of his offense level from 32 to 38. Hence, a constitutional error did not occur in this case.[1] The only Blakely/Booker error the court could have made was to treat the Sentencing Guidelines as mandatory rather than advisory. Chariot did not object, however, to the district court’s treatment *373 of the Guidelines as mandatory. Nor did he raise the issue in his initial (or reply) brief on appeal. Nonetheless, I give him the benefit of the doubt and assume that the Blakely/Booker objection he presents in his briefs subsumes the mandatory/advisory issue. The question thus becomes whether he has shown reversible plain error.
Operating under this assumption, I conclude that Chariot has demonstrated error that is plain. He fails, however, to establish prejudice, the third prong of the plain-error test. As Booker instructs, a district court’s starting point in fashioning a post-Booker sentence is to determine the applicable guideline. The court did that in this case, and then imposed a sentence at the bottom of the Guidelines range. Had the court treated that range as advisory, instead of mandatory, we would have to say that the sentence was not unreasonable. Nothing in the record of the sentencing proceeding suggests that the court would have imposed a lesser sentence had it viewed the Guidelines range as advisory. Thus, no prejudice is shown here.

. Chariot’s initial and reply briefs assert that the district court committed Sixth Amendment error because it enhancéd the defendant’s sentence on the basis of facts neither found by the jury nor admitted by the defendant. My reading of the record leads me to conclude that Chariot admitted all of the facts recited in the PSI and thus all of the facts that gave rise to the enhancements.